IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MALCOLM DAVIS, SR.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-2222-L** |
| | § | |
| **CITY OF GARLAND**, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are the City of Garland's Motion to Dismiss for Failure to State a Claim 12(b)(6), filed February 1, 2011; and Defendants Ronald Session, Marcus White, Wanda White, and Kameshia Porter's Motion to Dismiss for Failure to State a Claim Under Federal Rule 12(b)(6), filed December 13, 2010. Plaintiff Malcolm Davis did not file a response to either motion. After careful consideration of the motions, briefs, record, and applicable law, the court **grants in part and denies without prejudice in part** the City of Garland's Motion to Dismiss for Failure to State a Claim 12(b)(6); **denies without prejudice** Defendants Ronald Session, Marcus White, Wanda White, and Kameshia Porter's Motion to Dismiss for Failure to State a Claim Under Federal Rule 12(b)(6); and **directs** Plaintiff to file a second amended complaint in accordance with the court's instructions by **April 29, 2011, 12:00 p.m.**

## I. Background

Malcolm Davis, Sr. ("Plaintiff" or "Davis") initially filed this action on November 4, 2010. He filed Plaintiff's First Amended Complaint ("Complaint"), which is not a model of pellucid draftsmanship, on January 4, 2011, and asserted claims against the City of Garland (the "City");

Ronald Session ("Session"); Marcus White and Wanda White (the "Whites"); Kameshia Porter ("Porter"); and Donna McCullen ("McCullen"). Davis contends that Clint McNear and other members of the City's police department conspired with his ex-wife, his employer and the individual Defendants to harass him, remove his children from his home, and interfere with his employment. Plaintiff also contends that he has been the victim of many arrests and charges filed by the City's police department. As a result of these alleged actions, Plaintiff brings a number of different claims against Defendants pursuant to 42 U.S.C. §§ 1983 and 1985, and state law. His state law claims are brought pursuant to the Texas Tort Claims Act and state common law.

Plaintiff makes the following allegations that he contends are common to all claims:

7.  Officers of the Garland Police Department met with Ronald Session, Marcus White, Wanda White, Kameshia Porter and several other members of Ronald Session's church to discuss Plaintiff, Malcolm Davis, Sr. (hereinafter Plaintiff) and the removal of his children from his home.

8.  Thereafter, Plaintiff's wife removed the children from the home and placed them with Marcus and Wanda White, and eventually Donna McCullen without his knowledge or consent.

9.  On or about January, 2009, Detective Clint McNear, of the Garland Police Department[,] called the Professional Development Department of Plaintiff's employer, Fort Worth Independent School District (hereinafter "FWISD"). In the course of this phone call[,] Detective McNear intentionally and with malice informed FWISD fallaciously, that Plaintiff had felonies on his record and needed to be removed from his teaching duties.

10.  After the phone call Plaintiff was removed from a room full of his students during class, escorted to the FWISD administration building by the police and placed on leave for three (3) days.

11.  The FWISD investigated the matter on [its] own and found no criminal felonies on the record of Plaintiff. At that point Plaintiff was allowed to return after the school district's investigation.

12.     From there FWISD informed Garland Police Department that [its] investigation found no criminal felonies on the record of Plaintiff. After said information was conveyed to the Garland Police Department, Detective McNear along with Ronald Session made continued calls to FWISD requesting the firing of Plaintiff. Plaintiff has further been the victim of many arrest[s] and charges filed by the Garland Police Department, all of which have been dismissed.

13.     As a result of this harassment, Plaintiff was eventually transferred to another school in the district the next school year and forced to take a pay cut. Due to these events, Plaintiff has suffered great embarrassment and humiliation in front of his co-workers and family.

Pl.'s First Amended Compl. ¶¶ 7-13.

## II.     **Plaintiff's Allegations as to Each Claim**

### A.     **Plaintiff's First Claim**

Davis's first claim is made pursuant to 42 U.S.C. § 1983.  He contends that the actions of the City

> subjected [him] to deprivation of rights, privileges and immunities secured to Plaintiff by the Constitution and the laws of the United States of America, including the due process clause of the Fourteenth Amendment to the [U.S.] Constitution within the meaning of 42 U.S.C. § 1983, and an absolute right to be free from unreasonable seizure/arrest without probable cause provided by the Fourth Amendment, as incorporated to the states by the Fourteenth Amendment.

Pl.'s First Amended Compl. ¶ 17.

### B.     **Plaintiff's Second Claim**

Plaintiff's second claim is for civil conspiracy.  This claim appears to be brought pursuant to 42 U.S.C. §§ 1983 and 1985, and the Texas Tort Claims Act.  Davis contends that all "Defendants conspired against [him] to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.  Defendants entered into a meeting with each other to discuss further action to be taken against Plaintiff and his family."  Pl.'s First Amended Compl. ¶ 20.  He further contends that

"Defendants deprived [him] of equal protection of the law, and other rights and privileges and immunities protected by the U.S. Constitution and/or other laws." *Id.* ¶ 22.

### C.      Plaintiff's Third Claim

Plaintiff's third claim is for tortious custodial interference. In this regard, he contends that the actions of the Whites, Porter and McCullen "interfered with the custodial rights of Plaintiff. Plaintiff was deprived of his right to father his children due to their custodial interference." Pl.'s First Amended Compl. ¶ 26.

### D.      Plaintiff's Fourth Claim

Plaintiff's fourth claim is for defamation. Davis contends that the City and Session defamed him by making false statements to the FWISD to get him fired from his job. According to Plaintiff, these Defendants made the statements knowing they were false and made them intentionally to "discredit and harm [his] good name and reputation." Pl.'s First Amended Compl. ¶ 30. He further contends that no privilege existed to justify these statements.

### E.      Plaintiff's Fifth Claim

Plaintiff's fifth claim is for intentional infliction of emotional distress. In this regard, Davis states:

> The conduct of Defendants as alleged herein, including, but not limited to slanderous statements and actions, was outrageous, as it exceeded the bounds of common decency tolerated by a civilized society, and was intended to cause Plaintiff to suffer emotional distress or was committed with reckless disregard to the probability of causing Plaintiff to suffer emotional distress.

Pl.'s First Amended Compl. ¶ 33.

### F. Plaintiff's Sixth Claim

Plaintiff's sixth and final claim is solely against the City. It purports to be one under the theories of agency, respondeat superior, ratification, and non-delegable duty. In this regard, Davis contends that the City "is responsible for the acts and omissions of its employees, agents and vice principals under the doctrines of respondeat superior, agency, ratification and/or non-delegable duty." Pl.'s First Amended Compl. ¶ 36.

With respect to all claims asserted in his Complaint, Plaintiff contends that he was injured by Defendants' conduct, and he seeks actual and exemplary damages from Defendants for his injuries.

## III. Standards

### A. Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a

complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has

pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### B.    Rule 8(a) - Pleading Requirements

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 only requires "notice" pleading. Accordingly, it is not necessary that the pleader set forth each and every element or factual allegation of a claim. The "short and plain statement," however, must contain sufficient allegations of fact "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168 (1993).

## IV.    The City's Motion

### A.    Plaintiff's Federal Claims - Sufficiency of Allegations

A governmental entity can be sued and subjected to monetary damages and injunctive relief under 42 U.S.C. § 1983 only if its official policy or custom causes a person to be deprived of a federally protected right. *Board of the Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A governmental entity *cannot* be liable for civil rights violations under a theory of respondeat superior or vicarious liability. *Id.*; *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). To support a claim based on the existence of an unconstitutional policy or custom, a plaintiff must allege facts that show: "1) a policy or custom existed; 2) the governmental policymaker actually or constructively knew of its existence; 3) a constitutional violation occurred; and 4) the custom or policy served as the moving force behind the violation." *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532-33

(5th Cir. 1996) (citation omitted).  The Complaint is totally devoid of allegations from which one could infer that Davis has met these requirements.  The Complaint does not even allege or identify any policy or custom that injured Davis.  The Complaint is deficient and fails to state a claim against the City pursuant to section 1983.

With respect to his claim under section 1985, Plaintiff does not state under which of the three subsections his claim is based.  Section 1985(1), by its plain text, pertains to conspiracies to prevent federal officers from performing their duties.  As no federal official or officer of the United States is involved in Plaintiff's Complaint, this subsection cannot be the basis for Plaintiff's claim.

Section 1985(2) pertains to conspiracies to obstruct justice or to intimidate a party, witness or juror; and section 1985(3) pertains to conspiracies to deprive persons of certain federally protected rights or privileges.  42 U.S.C. § 1985 (2), (3).  The touchstone of a claim under section 1985 is the existence of a conspiracy.  In a section 1985 claim, a plaintiff "must plead the operative facts upon which [the] claim is based.  Mere conclusory allegations are insufficient[,] [and] [e]qual specificity is required when a charge of conspiracy is made."  *Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987) (footnotes and citations omitted).  "The essence of a conspiracy is an understanding or agreement between the conspirators."  *Id.* at 425.  Although insufficient, the only remote allegation in this regard is that "Defendants entered into a meeting with each other to discuss further action to be taken against Plaintiff and his family."  Plaintiff's First Amended Compl. ¶ 21. Plaintiff simply uses the term "Defendants," and no reference to whom he refers is made.  That some Defendants met, standing alone, is simply too slender of a reed to establish that there was a meeting of the minds or an agreement on the part of Defendants to deprive Plaintiff of some right or privilege as set forth in section 1985(2) or section 1985(3).  Plaintiff's patchwork of conclusory and vague

allegations is insufficient to state a conspiracy claim under either of these subsections, and is insufficient from which a conspiracy could reasonably be inferred. Accordingly, Plaintiff fails to state a claim upon which relief can be granted with respect to these two subsections of section 1985.

### B.     Plaintiff's State Law Claims Against the City

A city or local government cannot be held liable for a claim arising from an intentional tort. Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) (Vernon 2011); *Texas Dep't of Public Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001). Davis's claims for civil conspiracy, defamation, intentional infliction of emotional distress, and tortious custodial interference are all intentional torts, and the City cannot be held liable for such claims. *See TCI West End, Inc. v. City of Dallas*, 274 S.W.3d 913, 921 (Tex. App. — Dallas 2008, no pet.) (holding that a civil conspiracy is an intentional tort and that a city cannot be held liable for such tort); *City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex. App. — Houston [1st Dist.] 1995, no writ) (holding that defamation is an intentional tort and a city cannot be liable for this tort); *Gillum v. City of Kerrville*, 3 F.3d 117, 122-23 (5th Cir. 1993), *cert. denied*, 510 U.S. 1072 (1994) (holding that intentional infliction of emotional distress is an intentional tort and that a city cannot be liable for such tort). The court found no cases addressing the tortious custodial interference claim; however, given the nature of the claim and the manner in which it was pleaded, it plainly would constitute an intentional tort. Therefore, no liability can attach to the City regarding this claim. The City is entitled to dismissal of all of the intentional state law tort claims asserted against it.

Plaintiff's catchall claim under the doctrines of "agency, *respondeat superior*, ratification and/or non-delegable duty" is problematic. In light of the court's ruling herein, it is clear that some of the doctrines cannot provide a basis for liability against the City. The court does not understand

Plaintiff's pleadings in this regard, and he needs to clarify or delete as necessary any doctrine that would not provide the basis for a claim.

## V.     The Individual Defendants' Motion

This motion was filed prior to the filing of Plaintiff's First Amended Complaint. At the time this motion was filed, the live pleading was Plaintiff's Original Complaint. The court, however, will consider the motion as one filed against the amended pleading because the amended pleading changes little substantively from Plaintiff's Original Complaint, except the amended pleading deletes the Garland Police Department as a defendant, adds the City as a defendant in place of the police department, and adds McCullen as a defendant to this action.

### A.     Section 1983 Claims Against the Individual Defendants

The individual Defendants contend that they cannot be liable to Plaintiff pursuant to section 1983 because they did not "act under color of state law" and are not state actors under the statute. For the reasons hereafter set forth, the court determines that Plaintiff's allegations are insufficient to state a section 1983 claim against the individual Defendants.

Section 1983 provides legal redress to individuals who suffer violations of their federally protected rights at the hands of any person who acts under color of state law. 42 U.S.C. § 1983. To state a claim, a plaintiff must allege, or set forth facts from which one could infer, the following: (1) that he has been deprived of a right "secured by the Constitution and the laws" of the United States; and (2) that the persons depriving him of this right acted "under color of any statute" of a state of the United States. *Id.*; *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988). Private action may be deemed state action, for purposes of section 1983, only where the challenged conduct may be "fairly attributable to the State." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999). In

determining whether seemingly private conduct may be charged to the state, the Supreme Court has applied the following tests: (1) the public function test; (2) the state compulsion test; (3) the nexus test; and (4) the joint action test. *Id.* (*citing Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982)).

Under the public function test, "a private entity may be deemed a state actor when that entity performs a function which is traditionally the exclusive province of the state." *Bass*, 180 F. 3d at 242 (*quoting Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989)). The state compulsion (or coercion) test holds that "a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Id.* (*quoting Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). Under the nexus or joint action test, state action may be found where the government has "so far insinuated itself into a position of interdependence with the [private actor] that it was a joint participant in the enterprise." *Id.* (*quoting Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 357-58 (1974)). The inquiry into whether private conduct is fairly attributable to the state must be determined based on the circumstances of each case, irrespective of the test applied. *Bass*, 180 F.3d at 242.

Upon poring over the Complaint, the court determines that the allegations are insufficient to show that the individual Defendants acted under color of state law and were state actors. The court is still attempting to ascertain how the allegations of the Complaint even marginally allege sufficient facts to establish that the conduct of these Defendants rises to the level to fall within any of the four previously enumerated tests. That these Defendants met with members of the City's police department, without more, is wholly insufficient to find state action or that they acted under color of state law. The allegations of the Complaint indicate that Plaintiff's ex-wife removed his

children from his home and subsequently placed them with three of Defendants. Pl.'s First Amended Compl. ¶ 8. Nothing in the Complaint sets forth allegations that members of the City's police department and Defendants had a meeting of the minds or an agreement to deprive Plaintiff of any constitutionality protected rights. The allegations of the Complaint reflect speculation and conclusions unsupported by factual allegations. If underlying facts exist to support Plaintiff's claims, they are not set forth in the Complaint. In other words, what the court sees in the Complaint is a hodgepodge of loosely connected conclusions and vague statements. Perhaps, Plaintiff can state a claim against the individual Defendants, but his current pleading misses the mark with respect to the existence of allegations to show or infer that they acted under color of state law and acted as state actors on the occasions in question.

### B. State Law Claims Against the Individual Defendants

Plaintiff purports to allege several state torts against the individual Defendants. These claims include civil harassment, civil conspiracy, tortious custodial interference, defamation, and intentional infliction of emotional distress. First, the court does not understand the basis of the purported torts of civil harassment and tortious custodial interference, or the basis for the relief to which Plaintiff believes he is entitled for these claims. In any event, the pleadings as to these two claims and the remaining state claims are deficient. Although a claim does not have to be set forth in a detailed manner, it has to be pleaded with enough specificity to provide a defendant with fair notice what the claim is and the grounds upon which it rests. The pleadings on all of the state law claims fail in this regard. Except for the two questionable claims, all Plaintiff has done is recite in formulaic and conclusory fashion the elements of the claims. Given the paucity of allegations on the state law claims, the court cannot draw the reasonable inference that these Defendants are liable

for the misconduct or conduct alleged by Plaintiff.  Accordingly, Plaintiff fails to state a claim upon which relief can be granted with respect to the five state law claims asserted against Defendants individually.

## VI.    Amendment of Pleadings

Although Plaintiff has failed to state claims upon which relief can be granted, the court believes that Plaintiff should be allowed an opportunity to amend his Complaint, except as to those claims that the court held the City cannot be liable as a matter of law.  Attempts to amend claims where the City has immunity would be futile, and futility of amendment is one of the grounds on which a court can refuse to allow further attempts at amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Accordingly, Plaintiff may not replead the intentional tort claims against the City, and they will be dismissed with prejudice.  With respect to all other claims, Plaintiff is allowed to replead such claims and set forth allegations sufficient to state claims upon which relief can be granted.  Plaintiff **must** replead in accordance with the standards herein set forth.

## VII.   Conclusion

For the reasons herein stated, the court **grants in part and denies in part** the City of Garland's Motion to Dismiss for Failure to State a Claim 12(b)(6).  The court **grants** the motion with respect to the intentional tort claims against the City and **dismisses with prejudice** Plaintiff's claims of civil conspiracy, tortious custodial interference, defamation, and intentional infliction of emotional distress.  In all other respects, the motion is **denied without prejudice**.  The court **denies without prejudice** Defendants Ronald Session, Marcus White, Wanda White, and Kameshia Porter's Motion to Dismiss for Failure to State a Claim Under Federal Rule 12(b)(6); and **directs** Plaintiff to file a second amended complaint in accordance with the court's instructions by **April**

**29, 2011, 12:00 p.m.** Failure of Plaintiff to replead as herein instructed may result in dismissal of this action pursuant to Rule 12(b)(6) or Rule 41(b).

**It is so ordered** this 15th day of April, 2011.

Sam A. Lindsay
United States District Judge